EDWARD W. LUKAS, JR., State Bar No. 155214
HARRINGTON, FOXX, DUBROW & CANTER, LLP
535 N. Brand Boulevard, Suite 800
Glendale, California 91203
Telephone (213) 489-3222
Facsimile (213) 623-7929
Email: elukas@hfdclaw.com

Michael B. Stewart (*Pro Hac Vice To Be Filed*)
Kameron F. Bonner (*Pro Hac Vice To Be Filed*)
Barbara L. Mandell (*Pro Hac Vice To Be Filed*)
Fishman Stewart PLLC
800 Tower Drive, Suite 610
Troy, Michigan 48098
Telephone (248) 594-0600
Facsimile (248) 594-0610
Email: mstewart@fishstewip.com
       kbonner@fishstewip.com
       bmandell@fishstewip.com

Attorneys for Plaintiff STAHLS' INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAHLS' INC., d/b/a GroupeSTAHL, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BEWEAR CREATIVE, INC. d/b/a Printomize America a California corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Stahls' Inc., d/b/a GroupeSTAHL, through its attorneys Harrington, Foxx, Dubrow & Canter, LLP and Fishman Stewart PLLC, for its Complaint against Defendant Bewear Creative, Inc., d/b/a Printomize America, states and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for injunctive relief, damages and attorney's fees and costs arising under federal laws for patent infringement, including the commission of acts of infringement by using, making, importing, offering to sell and/or selling a product and/or products that infringe one or more claims of United States Patent No. 9,289,960 ("the '960 Patent").

## THE PARTIES

2. Plaintiff Stahls' Inc., d/b/a/ GroupeSTAHL ("Stahls'") is a Michigan corporation with a place of business at 25901 Jefferson Avenue, St. Clair Shores, MI 48081.

3. On information and belief, Defendant Bewear Creative, Inc. ("Bewear" or "Defendant") is a California corporation with a corporate registration number of C4417541, a registered address of 20205 Earl Street, Torrance, California, 90503, and a place of business at 1400 240th St Unit B, Harbor City, CA 90710. Bewear appointed Kristian B. Beasley of 20205 Earl Street, Torrance, California, 90503, as its registered agent for service of process.

4. On information and belief, Defendant sells, offers to sell, imports, distributes, and/or uses the Infringing Products throughout the United States, including in this judicial district, and introduces the Infringing Products into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

/ / /

/ / /

/ / /

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, specifically §§ 271 and 281-285.

6. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant at least because, upon information and belief, Defendant has transacted and continues to transact business within this District and elsewhere in California, including importing, advertising, distributing, offering to sell and/or selling Infringing Products within this District and this State. Defendant offers for sale and sells its products within this District and this State both through its interactive website, https://www.printomizeamerica.com and, on information and belief, at its physical locations at 20505 Earl Street, Torrance, CA 90503 and 1400 240th St Unit B, Harbor City, CA 90710.

8. This Court also has personal jurisdiction over Defendant by virtue of, *inter alia*, (i) its incorporation under the laws of California; (ii) its commission of at least a portion of the infringements alleged herein within this District and this State; (iii) having at least one regular and established place of business in this District and this State; and (iv) engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this District and this State.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391 and § 1400 at least because (i) Defendant is incorporated under the laws of California, (ii) Defendant maintains a regular and established place of business in this District, and has committed and continues to commit infringing acts in this District, including the commission of acts of infringement that infringe one or more claims of the '960 Patent.

/ / /
/ / /
/ / /
/ / /
/ / /

## **GENERAL ALLEGATIONS**

### **PLAINTIFF'S ACTIVITIES AND PROPRIETARY RIGHTS**

10. Stahls' has been the innovator and leader in pre-cut and custom athletic numbers, letters and logos since its 1932 founding in the Detroit-area garage of husband-and-wife team A.C. and Ethel Stahl. Stahls' is known and respected worldwide in the sportswear, custom apparel and promotional products industries for equipment, materials and services.

11. Stahls' has been and is now extensively engaged in the design, manufacture, marketing and selling of heat transfer presses and related goods ("Stahls' Goods and Services"), under Stahls' FUSION Mark, FUSION IQ Mark, and HOTRONIX Mark. A screenshot of Stahls' website (www.stahls.com) showing the patented dual station shuttle press ("DUAL FUSION Heat Press") are reproduced below:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



12. Plaintiff Stahls' Inc. is the owner, by valid assignment, of all right, title, and interest in and to U.S. Patent No. 9,289,960 ("the '960 Patent"), including the right to seek remedies and relief for past infringement thereof. Moreover, reference to the '960 patent is marked on the DUAL FUSION Heat Press webpage as shown in the above screenshot in paragraph 11.

13. The '960 Patent, titled "Dual Shuttle Press," was duly and legally issued by the United States Patent and Trademark Office on March 22, 2016. A true copy of the '960 Patent is attached hereto as **Exhibit A**. The '960 Patent is in force.

## DEFENDANT'S WRONGFUL ACTS

14. Defendant has in the past and currently produces, markets, imports, sells and/or offers to sell heat transfer presses and related goods that infringe the '960 Patent ("Infringing Products"), such as the:

(a) TQB-4050 (MEM 16" x 20" Heat Press Machine With Full-Automatic Pneumatic Double Stations), which infringes at least claims 1 and 5. The TQB-4050 heat press is sold with "Laser System" included, which further infringes at least claims 7 and 10. *See* https://www.printomizeamerica.com/products/tqb-4050-16-x-20-heat-press-machine-with-full-automatic-pneumatic-double;

(b) TY-4050 (MEM 16" x 20" Manual Double Station Heat Press Machine), which infringes at least claim 1. The TY-4050 heat press is sold with "Laser System" included, which further infringes at least claims 7 and 10. *See* https://www.printomizeamerica.com/products/ty-4050-16-x-20-manual-double-station-heat-press-machine;

(c) TQ-1515 (MEM 6" x 6" Pneumatic Double Station Heat Press Machine), which infringes at least claim 1. The TQ-1515 heat press is sold with "Laser System" included, which further infringes at least claims 7 and 10. *See* https://www.printomizeamerica.com/products/tq-1515-6-x-pneumatic-double-station-heat-press-machine;

(d) TQA-4050 (MEM 16" x 20" Semi-Automatic Double Station Pneumatic Heat Press), which infringes at least claim 1. The TQA-4050 heat press is sold with "Laser System" included, which further infringes at least claims 7 and 10. *See* https://www.printomizeamerica.com/products/tqa-4050-16-x-20-semi-automatic-double-station-pneumatic-heat-press;

(e) TQ-4050 (MEM Semi-Automatic Dual Pneumatic Heat Press), which infringes at least claim 1. The TQ-4050 heat press is sold with "Laser System" included, which further infringes at least claims 7 and 10; and

(f) Hyper Stamp 16" x 20" Semi-Automatic Double Station Pneumatic Heat Press, which infringes at least claim 1. The Hyper Stamp heat press is sold with "Laser System" included, which further infringes at least claims 7 and 10. *See*

https://www.printomizeamerica.com/products/hyper-stamp-16-x-20-semi-automatic-double-station-pneumatic-heat-press.

15. On information and belief, Defendant has produced, marketed, imported, distributed, sold and/or offered to sell, and currently produces, markets, imports, distributes, uses, sells and/or offers to sell within the United States, including the Central District of California, heat transfer presses that infringe one or more of the claims of the '960 Patent. Defendant is importing, manufacturing, offering to sell and/or selling in the United States to compete with Stahls' DUAL FUSION Heat Press.

16. On information and belief, Defendant is using Infringing Products to make goods that are sold to third parties as promoted at www.unityimaging.com.

## COUNT I

### Infringement of U.S. Patent No. 9,289,960

17. Stahls' incorporates by reference all allegations of Paragraphs 1-16 as if fully set forth herein.

18. Defendant has infringed and continues to infringe and directly, contributorily, and/or actively induces infringement of the '960 Patent in violation of 35 U.S.C. § 271 by

making, using, distributing, offering to sell, selling and/or importing heat transfer presses, including the Infringing Products, which at least infringe claim 1 of the '960 Patent, without authority to do so.

19. Defendant has infringed, and continues to infringe, at least claim 1 of the '960 Patent literally, or under the doctrine of equivalents, by making, using, distributing, offering to sell, selling and/or importing the Infringing Products.

20. Defendant has had notice of Plaintiff's patent rights and Plaintiff's infringement claims against Defendant. Specifically, on January 21, 2023, during the "Impressions Expo," at the Long Beach Convention Center, Plaintiff manually served a cease-and-desist letter on Defendant, setting forth the asserted patent and Plaintiff's claims thereunder. **See Exhibit B.** Plaintiff received no response to such letter.

21. In view of the continued infringement and apparent lack of any response, on January 23, 2025, Plaintiff manually served a second cease-and-desist letter on Defendant during the 2025 Impressions Expo, also held at the Long Beach Convention Center. **See Exhibit C.**

22. Until April 3, 2025, Plaintiff believed that there was also no response to Exhibit C until its counsel checked his email spam folder and discovered an email with a letter from Defendant's counsel that was sent on February 27, 2025. **See Exhibit D.** Significantly, other than the misdirected email, Defendant's counsel deployed no other method of delivery, such as U.S. mail, Federal Express, fax or hand-delivery.

23. Exhibit D erroneously asserts that, given Plaintiff's silence for the almost-two years between the alleged February 23, 2023, letter from defense counsel until the February 27, 2025, letter from defense counsel, the present claims are blocked by estoppel. This is an entirely false claim not only because Plaintiff was unaware of counsel's letter until April 3, 2025, when the spam folder was checked, but that pursuant to 35 U.S.C. § 286, the statute of limitations on patent infringement claims is six years. Moreover, counsel must be erroneously relying on the doctrine of equitable estoppel, which is based on misleading conduct, reliance, and material prejudice. Here, there was no misleading "conduct" by

Plaintiff, such as affirmatively telling Defendant it is not infringing after all; Plaintiff's only conduct vis-à-vis Defendant was its hand-delivery of two cease-and-desist letters.

24. Stahls has incurred substantial lost sales and profits because of Defendant's sales of Infringing Products, which shall be shared in due course under the protection of a protective order due to the confidential nature thereof. At a minimum, but for the infringement, Plaintiff would have achieved the sales and profits that Defendant enjoyed.

25. Stahls' has been and will continue to be pecuniarily and irreparably damaged from Defendant's infringement, including diversion of customers, lost sales and lost profits, unless this Court enjoins Defendant from continuing its infringement pursuant to 35 U.S.C § 283.

26. Because Defendant's actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, this is an "exceptional case" pursuant to 35 U.S.C § 285 and Stahls' is entitled to attorney's fees and costs.

27. Because Defendant's actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, Stahls' is entitled to an award of treble damages under 35 U.S.C § 284.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Stahls' Inc., d/b/a GroupeSTAHL, prays for entry of judgment from this Court that:

a. United States Patent No. 9,289,960 was duly and legally issued, and is valid and enforceable;

b. Defendant has directly and/or contributorily infringed United States Patent No. 9,289,960, and/or actively induced infringement of United States Patent No. 9,289,960 by others;

c. Defendant and those acting in active concert, be preliminarily and permanently enjoined from engaging in any further acts of infringement of United States Patent No. 9,289,960;

d. Stahls' be awarded damages adequate to compensate for the patent infringement by Defendant pursuant to 35 U.S.C. § 284, including compensation for Defendant's past infringement and any continuing or future infringement of the patent-in-suit, up until the date such judgement is entered, together with prejudgment interest and costs;

e. Defendant's patent infringement has been willful, thereby entitling Stahls' to recover treble damages, pursuant to 35 U.S.C. § 284;

f. The patent infringement by Defendant has been such as to render this action exceptional, and Stahls' be awarded reasonable attorney's fees, pursuant to 35 U.S.C. § 285;

g. Defendant be required to pay Stahls' such damages, statutory or otherwise, together with prejudgment interest thereon, that Stahls' has sustained because of Defendant's wrongful acts, and to account for and return to Stahls' monies, profits and advantages wrongfully gained by Defendant;

h. All damages sustained by Stahls' be trebled;

i. Defendant be required to pay Stahls' punitive and exemplary damages;

j. Defendant be required to pay Stahls' all of Stahls' attorney's fees, expenses and costs incurred in this action;

k. Stahls' be awarded damages in an amount sufficient to compensate Stahls' for the substantial loss of sales and profits arising from Defendant's infringement, the amount of which shall be shared in due course under the protection of a protective order;

l. Stahls' be awarded post-judgement interest pursuant to 28 U.S.C. § 1961;

///

///

m. Defendant shall immediately cease and desist from ordering, advertising or selling Infringing Products, and Defendant hereafter shall not infringe, either directly, by contribution, or by inducement, Plaintiffs '960 patent by importing, offering for sale, making, using, or selling within the United States;

n. Defendant shall immediately provide Plaintiff the source and contact information of each entity involved in the manufacture, sale, importation and/or distribution of Infringing Products, including the name and contact information of any supplier, foreign or domestic, that manufactures Infringing Products;

o. (1) Plaintiff will suffer irreparable injury if the infringement is not enjoined; (2) The remedies available at law are insufficient; (3) The balance of hardships weighs in favor of Plaintiff because of the active and continuing nature of Defendant's infringing activities; and (4) the public interest would not be disserved by a permanent injunction because the public has an interest in the enforcement of intellectual property rights; and

p. Stahls' be awarded such other and further relief as this Court may deem to be just and proper.

## JURY DEMAND

Plaintiff, Stahls' Inc., d/b/a GroupeSTAHL hereby makes demand for a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues triable to a jury of this lawsuit.

Dated:  April 10, 2025

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: /s/ Edward W. Lukas, Jr.
EDWARD W. LUKAS, JR.
Attorneys for Plaintiff STAHLS' INC.

Dated: April 10, 2025

Fishman Stewart PLLC

By: /s/ Michael B. Stewart
    Michael B. Stewart (P45318)
    Kameron F. Bonner (P78020)
    Barbara L. Mandell (P36437)
    Attorneys for Plaintiff STAHLS' INC.